103 N.J. Super. 291 (1968)
247 A.2d 144
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS SATTERFIELD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1968.
Decided October 29, 1968.
*292 Before Judges CONFORD, KILKENNY and LEONARD.
Mrs. Miriam N. Span, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Alan Silber, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
PER CURIAM.
Defendant appeals from a judgment of conviction of possession of narcotics.
Defendant had been seen by a 13-year-old boy one morning acting suspiciously in a driveway adjacent to the boy's home, as though visiting from time to time a place in the driveway where he had something hidden. The boy reported the occurrence to his mother and pointed defendant out to her. *293 They both then saw defendant hand something to the occupants of a double-parked car. The mother informed the police about these occurrences and described the man to them. Shortly thereafter the police brought defendant and two companions of his in a police car to be viewed by the boy and his mother. The boy was not asked by the police to make an identification, but it may be inferred from the proofs that the mother was. She failed to identify defendant to the police on the scene, but she testified that he was in fact one of the three men and that she had withheld an identification at the time because of fear for her son. She later so explained to the police. The boy also testified that defendant was one of the three men produced by the police.
After searching the alley and finding nothing suspicious the police released defendant. Shortly thereafter the boy found concealed under a slab in the alley a brand-name cigarette package which contained some 13 packets of a substance established at the trial to have constituted heroin. Defendant was indicted for possession thereof.
Defendant did not testify, but sought to establish an alibi through another witness.
On appeal defendant raises two points: (a) the State failed to prove a prima facie case of possession and (b) the procedure by which he was confronted with the witnesses for purposes of identification without the presence of counsel violated the recent decisions of the United States Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. State of Califoria, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and see Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) (all three cases having been decided the same day). On motion by defendant to strike the testimony concerning this confrontation, the trial court ruled adversely, holding the cases cited to apply only to post-indictment identification procedures.
The first point requires no discussion. We are satisfied that the proofs were such as to have made proper the *294 submission to the jury of the question of possession of the narcotics by defendant.
We here determine that the Wade line of cases (requiring the presence of counsel for an accused subjected to a police "line-up" or comparable identification procedure) was not applicable in these circumstances for the reason that this confrontation took place in the course of an on-the-spot, general, street investigation of a complaint of suspicious activity. At the time there was no specific complaint to the police of possession of narcotics by defendant, merely of suspicious behavior by him. We are satisfied that this type of routine police investigative activity was not intended to be comprehended within the presence-of-counsel specifications laid down by the Court in the Wade line of cases. Compare the recognition of a comparable exemption in Miranda v. State of Arizona, 384 U.S. 436, 477, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which mandated counsel in relation to custodial interrogation of a suspect. See also State v. Gosser, 50 N.J. 438, 446 (1967).
We find it unnecessary here to consider the merits of the State's contentions that Wade is inapposite in any case because (1) there was no out-of-court identification of defendant to the police at the scene of confrontation, and (2) the Wade rule applies only to post-indictment confrontations (cf. Stovall v. Denno, supra). The question was regarded as open in State v. Matlack, 49 N.J. 491, 499 (1967). See also State v. Woodard, 102 N.J. Super. 419 (App. Div. 1968).
Judgment affirmed.